UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RAS Land Holdings LLC, RAS Equipment & Leasing LLC, and RAS Contracting LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Litchfield Building Center, Inc., Kim R. Keithahn, and Thomton, Sperry, Jenson & Keithahn, Ltd.,<br><br>Defendants. | Civil No. 14-4201 (DWF/LIB)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

---

John G. Westrick, Esq.,Westrick & McDowall-Nix, PLLP, counsel for Plaintiffs.

Brian A. Dillon, Esq., and Andrew J. Steil, Esq., Gray Plant Mooty Mooty & Bennett, PA, counsel for Defendant Litchfield Building Center, Inc.

Charles E. Jones, Esq., Meagher & Geer, PLLP, counsel for Defendants Kim R. Keithahn and Thomton, Sperry, Jenson & Keithahn, Ltd.

_____

**INTRODUCTION**

This matter is before the Court on a Motion to Dismiss Pursuant to Rule 12(b)(6) brought by Defendants Kim R. Keithahn ("Keithahn") and Thomton, Sperry, Jenson & Keithahn, Ltd. (the "Thomton Law Firm") (Doc. No. 6), and a Conditional Motion for Leave to Amend Complaint brought by Plaintiffs RAS Land Holdings LLC, RAS Equipment & Leasing LLC, and RAS Contracting LLC ("Plaintiffs") (Doc. No. 13).

For the reasons set forth below, the Court grants the motion to dismiss and denies the motion for leave to amend.

## BACKGROUND

In October 2013, Defendant Litchfield Building Center, Inc. ("LBC") sued Richard A. Smith and various entities owned by Smith, including RAS International LLC, RAS Trucking LLC, and Independent Rep and Sales Co. LLC (collectively, the "RAS Judgment Debtors"), in Minnesota State Court. (Doc. No. 1, Compl. ¶ 14; Doc. No. 11, Jones Aff. ¶ 2, Ex. A ("State Compl.").)[1] LBC was represented by Defendants Keithahn and the Thomton Law Firm. (State Compl.) In the state court action, LBC alleged that it entered into oral agreements with the RAS Judgment Debtors regarding the construction of portable homes for the North Dakota oil field market. (*Id*. ¶¶ 5-6.) Specifically, LBC alleged that it agreed to build portable homes and the RAS Judgment Debtors agreed to sell and transport the homes to buyers in North Dakota. (*Id*.) LBC further alleged that the RAS Judgment Debtors partially performed, but then defaulted on its payment obligations, and that the RAS Judgment Debtors owed LBC more than $380,000. (*Id*. ¶¶ 7-12; *see also* Compl. ¶ 14.)

In the state court action, LBC obtained a Temporary Restraining Order ("TRO") preventing the RAS Judgment Debtors from "conveying, assigning, removing, encumbering, or transferring" certain equipment that LBC alleged the RAS Judgment

---

[1] The Court can consider certain materials contained in the Jones Affidavit, such as a copy of the Summons and Complaint and other documents filed in the Minnesota state court action, as they are "embraced by the complaint." *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1978). Further, the Court takes judicial notice of the record in the Minnesota state court action.

Debtors purchased with monies it owed LBC. (Jones Aff. ¶ 4, Ex. C ("TRO") Findings of Fact ¶¶ 5-6 and Order ¶ 2; Compl. ¶¶ 16-18.) LBC also obtained a default judgment against the RAS Judgment Debtors. (Jones Aff. ¶ 5, Ex. D.) The state court issued a writ of execution, allowing the Sheriff to satisfy the judgment in favor of LBC out of personal property belonging to the RAS Judgment Debtors. (*Id.* ¶ 8, Ex. G; Compl. ¶ 21.) Pursuant to this writ, the Sheriff's Office took possession of various items of personal property. (Jones Aff. ¶ 9, Ex. H ¶ 28; Compl. ¶¶ 21-25.) The RAS Judgment Debtors moved to vacate the default judgment, but the state court denied their motion. (Jones Aff. ¶ 9, Ex. H.)

While the RAS Judgment Debtors' motion to vacate was pending in state court, Plaintiffs initiated the present lawsuit in federal court. (Compl.) Plaintiffs assert three causes of action against LBC and its attorneys, Keithahn and the Thomton Law Firm: (1) Deprivation of Property under 42 U.S.C. § 1983; (2) conversion; and (3) trespass to chattels. Plaintiffs challenge the Sheriff's seizure of property, asserting that the property seized belonged to them and/or a non-party named Brittney Jean Hoeschen (the daughter of Richard A. Smith, one of the RAS Judgment Debtors), not the RAS Judgment Debtors. (*Id.* ¶¶ 15-16, 27-29.) Plaintiffs argue that LCB's attorneys listed specific property in motion papers that belonged to Plaintiffs, not the RAS Judgment Debtors.[2] Plaintiffs allege that Defendants failed to properly ascertain the ownership of the items and did not perform due diligence before having the property seized. (*Id.* ¶¶ 32, 41-43.) Plaintiffs further allege that no notice was given to Plaintiffs (who were not parties to the state

---

[2]   The TRO contained an exhibit listing items of property subject to the order.

court action), yet the state court granted relief and allowed execution of the writ. (*Id*. ¶¶ 31, 42.)

Keithahn and the Thornton Law Firm now move to dismiss the claims against them for failure to state a claim under Rule 12(b)(6). Plaintiffs move for leave to amend their Complaint conditionally within 30 days should the Court grant the motion to dismiss, or in the alternative, request that the supplemental state law claims be dismissed without prejudice.

## DISCUSSION

### I. Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it

must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555.  As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  *Twombly*, 550 U.S. at 556.

    A.    **Count I—Section 1983 Claim**

Plaintiffs assert that they have properly asserted claims against Keithahn and the Thornton Law Firm under 42 U.S.C. § 1983 for deprivation of property without notice.  Specifically, Plaintiffs allege that there was no judgment against Plaintiffs in the state court action (the judgment was against different RAS entities), yet Plaintiffs' property was seized when the writ was executed by the Sheriff.  Plaintiffs further allege that Keithahn, as LBC's attorney, listed specific property that belonged to Plaintiffs, and not the RAS Judgment Debtors, in motion papers submitted in the state court action.  Moreover, Plaintiffs allege that because they were not parties to the state court action and their property was listed, they received no notice prior to the Sheriff's seizure.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Court uses a two-part test to determine § 1983 liability here: (1) the deprivation of property without due process must be caused by the exercise of a

5

right or privilege created by the state; and (2) the deprivation must be caused by someone who may fairly be said to be a state actor. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982).

Here, the only question is whether Keithahn and the Thomton Law Firm qualify as state actors. In support of their arguments, Plaintiffs cite to cases involving seizures of property where state agents aided a private creditor in securing disputed property. *See, e.g.*, *Sniadach v. Family Fin. Corp. of Bayview*, 395 U.S. 337, 341-42 (1996) (holding that a Wisconsin prejudgment garnishment procedure violated principles of due process); *N. Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 619-20 (1975) (holding that a Georgia garnishment statute that allows for issuance of a writ of garnishment by the clerk of court and on the affidavit of the creditor or his attorney, with no provision for an early hearing, violated principles of due process). Plaintiffs point out that in *Sniadach* and *North Georgia*, the courts adjudicated the debtor's claims regarding the constitutionality of the garnishment procedures under which a private creditor secured the disputed property in violation of federal constitutional standards of due process. Based on these cases, Plaintiffs submit that private persons, such as Keithahn and the Thomton Law Firm, were "state actors" when they engaged with state officials to seize Plaintiffs' property.

The Court has carefully reviewed the caselaw cited by the parties, and in particular the U.S. Supreme Court's decision in *Lugar*. In *Lugar*, a lessee-operator of a truck stop, who was indebted to his supplier, Edmondson Oil Co., brought a § 1983 action against Edmonson Oil Co. and its president. *Lugar*, 457 U.S. at 925. The debtor alleged that

Edmonson Oil Co. deprived him of his property without due process of law when it attached his property via the state's attachment procedure. *Id*. The Supreme Court noted that proper disposition of the case in *Lugar* required the determination of whether the ultimate claim of unconstitutional deprivation was directed at the attachment statute itself or at the erroneous application of the statute. *Id*. at 940. The Supreme Court found that the "better reading" of the complaint was that the petitioner challenged the state statute as procedurally defective under the Fourteenth Amendment and held that the petitioner presented a valid claim under § 1983 insofar as he challenged the constitutionality of the statute. *Id*. at 941. Notably, however, the Supreme Court also explained that the alleged misuse or abuse of a state statute by a private party is not actionable under § 1983. *Id*. at 941-42; *see also Doyle v. Schultz*, 97 F. Supp. 2d 763, 767 (W.D. La. 2000) ("To the extent that plaintiffs allege . . . that the defendants' 'improper request' for the writ . . . deprived them of their due process rights, plaintiffs do not have a cognizable section 1983 claim since the improper request cannot fairly be attributed to the state and was the product of purely private action.").

     A careful reading of Plaintiffs' Complaint in the present action reveals that Plaintiffs do not allege that Keithahn or the Thomton Law Firm invoked a constitutionally invalid procedure. Instead, the basis of Plaintiffs' § 1983 claim against Keithahn and the Thomton Law Firm is that the seizure was flawed because property items were misidentified by Keithahn as belonging to Plaintiffs as the result of a lack of due diligence. Because Plaintiffs allege that Keithahn and the Thomton Law Firm misused the statute, they necessarily seek to address the erroneous application of the

7

seizure procedure, and they do not challenge the constitutionality of the statute itself. Because Plaintiffs do not challenge the constitutionality of the statute itself, the Court concludes that Plaintiffs have not stated a valid cause of action under § 1983 against Keithahn and the Thomton Law Firm. Thus, Count I of Plaintiffs' Complaint is properly dismissed.

### B. Counts II and III

Plaintiffs also assert state law claims for Conversion (Count II) and Trespass to Chattels (Count III). Keithahn and the Thomton Law Firm argue that these claims should be dismissed because, under Minnesota law, an attorney can only be sued by clients and not by third parties.

"[A]n attorney acting within the scope of his employment as attorney is immune from liability to third persons for actions arising out of that professional relationship." *McDonald v. Stewart*, 182 N.W.2d 437, 440 (Minn. 1970); *see also Marker v. Greenberg*, 313 N.W.2d 4, 5 (Minn. 1981). Absent extraordinary and extreme circumstances involving actual fraud, an attorney may not be held liable for damages to his party-opponent. *See McIntosh County Bank v. Dorsey & Whitney,* LLP, 745 N.W.2d 538, 545 (Minn. 2008); *L&H Airco, Inc. v. Rapistan Corp.*, 446 N.W.2d 372, 380 (Minn. 1989). The two exceptions to this rule include situations where: (1) a non-client is a direct and intended beneficiary of an attorney's services and the attorney is sued for professional negligence; and (2) an attorney acts with malice and damages a third party. *See, e.g.*, *McIntosh Cnty. Bank* , 745 N.W.2d at 547; *Hoppe v. Klapperich*, 28 N.W.2d 780, 791-92 (Minn. 1947).

In their Complaint, Plaintiffs allege that Defendants failed to properly ascertain the ownership of the items seized before having the property seized by the Sheriff. (Compl. ¶ 32.) The Court discerns no allegations in Plaintiffs' Complaint that would show that Plaintiffs were "direct and intended beneficiaries" of Keithahn's or the Thomton Law Firm's legal services. Nor do Plaintiffs allege any facts that would demonstrate that Keithahn acted fraudulently or with malice. Instead, the allegations in Plaintiffs' Complaint suggest that Keithahn acted negligently in failing to conduct due diligence in determining what property to seize and, by extension, failing to give proper notice, before the Sheriff seized the property. Therefore, Plaintiffs have not alleged facts sufficient to demonstrate an exception to the general rule that an attorney may not be held liable for damages to Plaintiffs. Thus, Counts II and III are properly dismissed as they are asserted against Keithahn and the Thomton Law Firm.

## II.     Conditional Motion for Leave to Amend

Plaintiffs move for leave to amend their Complaint within thirty days in the event the Court determines that the Complaint fails to state a federal claim. In the alternative, Plaintiffs request that the Court decline to exercise supplemental jurisdiction and dismiss the state law claims without prejudice should the Court determine that the Complaint fails to state a federal claim and deny leave to amend.

First, the Court notes that Plaintiff's motion to amend is improper. Local Rule 15.1(b) provides:

> **Motions to Amend.** Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining,

9

>underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading. If the court grants the motion, the moving party must file and serve the amended pleading.

D. Minn. LR at 15(b). Here, Plaintiff failed to provide a proposed amended complaint. Therefore, there is nothing for the Court to review, and the Court cannot determine whether any proposed amendment should be granted. For this reason, Plaintiffs' motion for leave to amend is procedurally improper and is properly denied. *See Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009).

Plaintiffs also request that the Court decline to exercise supplemental jurisdiction over their state law claims in the event that the Court grants the pending motion to dismiss and denies the motion to amend. A district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Here, there has been no motion to dismiss Plaintiffs' § 1983 claim against LBC. As such, that claim remains. Therefore, the Court has not "dismissed all claims over which it has original jurisdiction." *See id.* Further, Plaintiffs' state law claims for conversion and trespass of chattels are based on the same transaction and facts as those related to the pending § 1983 claim against LBC, namely, facts related to the alleged wrongful taking of Plaintiffs' property. Therefore, the Court can, and does, exercise supplemental jurisdiction over Plaintiffs' state law claims as asserted against all Defendants. In so doing, and consistent with the Court's analysis above, Counts II and III are dismissed as to Keithahn and the Thomton Law Firm, but remain as they are asserted against LBC.

**ORDER**

Based upon the parties' submissions and arguments, and for the reasons set forth above, **IT IS HEREBY ORDERED** that

1. Keithahn's and the Thomton Law Firm's Motion to Dismiss (Doc. No. [6]) is **GRANTED**.

2. Counts I, II, and III are **DISMISSED WITH PREJUDICE** insofar as they are asserted against Keithahn and the Thomton Law Firm.

3. Plaintiffs' Motion for Conditional Leave to Amend Complaint (Doc. No. [13]) is **DENIED**.

Dated: June 12, 2015         s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge